Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Michael S. Kraut
Partner
212.309.6927
mkraut@MorganLewis.com

*[Handwritten endorsement:]*

Conference

Plaintiff's counsel is to notify Defendant's counsel of the following:

Pre-motion conference to be held on: 12/23/10 at 10 a.m.

Opposing counsel to state position (by letter not to exceed 3 pages) in writing ~~one week in advance~~ by 12/22 at 10 a.m. So ordered.

*/s/ Cathy Seibel*
Cathy Seibel, U.S.D.J.

Dated: 12/17/10

December 17, 2010

**VIA FACSIMILE**

The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
Courtroom 218
White Plains, NY 10601-4150

Re:   Kraft Foods Global, Inc. v. Starbucks Corporation, No. 10 CIV 09085 (CS)

Dear Judge Seibel:

In accordance with a teleconference on Wednesday with your Honor's law clerk, we write on behalf of Plaintiff Kraft Foods Global, Inc. ("Kraft") in the above-referenced matter to request that the Court schedule a pre-motion conference at the earliest practical date in order to address Kraft's desire to file a Motion for Preliminary Injunction. We understand that the Court may be available for the conference on December 23, 2010, and request that this matter be heard on that day.

This lawsuit arises out of a contract between Kraft and Defendant Starbucks Corporation ("Starbucks") pursuant to which Kraft owns the exclusive right to market, sell and distribute certain Starbucks roasted whole bean and ground coffee in grocery stores and other retail outlets. Pursuant to the exclusivity provision, Starbucks is prohibited from providing roasted whole bean and ground coffee to any other parties for distribution to grocery stores and other retail outlets and, conversely, is obligated to supply to Kraft the Starbucks products Kraft sells to its retail customers.



The Honorable Cathy Seibel
December 17, 2010
Page 2

Starbucks has asserted that Kraft materially breached the contract and, on that ground, has purported to terminate the contract effective as of March 1, 2011. Kraft denies Starbucks allegations of breach and contends that Starbucks purported termination is invalid and without legal effect. The contract requires the parties to resolve this dispute in accordance with a dispute resolution process set forth in the contract, which includes binding arbitration. Even though arbitration is pending, and Starbucks has yet to show the validity of the purported termination in accordance with that process, Starbucks is already taking concrete actions to exit the contract. These actions are harming, and will harm, both Kraft and Kraft's customers well before March 1, 2011.

Notably, yesterday Starbucks advised Kraft that it will stop supplying Kraft with product by January 29, 2011, presumably in order to be in a position with another partner to take over the business by Starbucks target date of March 1, 2011. If this breach were allowed to occur, Kraft's supply to its customers would begin to be impacted by the week of February 6, 2011. By the week of February 13, Kraft would be out of stock of many products, thereby causing harm to its retail customers in the form of lost sales. Kraft would be harmed, not only in the form of lost sales, but also reputational injury for being unable to supply its customers.

Consistent with its intention to cut off product supplies to Kraft in the period leading up to March 1, we have reason to believe that Starbucks is already or will soon be attempting to switch Kraft's customers over to Starbucks and its new partner. For example, in order to be ready for a March 1 transfer, Starbucks will need to have Kraft customers—at the customers' time and expense—change vendor supply codes within their logistical databases for each product that Kraft currently sells under the contract. Further, Starbucks is refusing to allow Kraft to review marketing plans that go beyond February 28, 2011 for which Kraft has paid certain non-refundable spending commitments. These and other actions are creating confusion that will cause further reputational injury to Kraft.

Thus, the urgency for the status conference to set the briefing schedule and hearing date for the preliminary injunction arises as a result of Starbucks actions, and the actions of its agents, in the time since Starbucks purported to terminate the contract. With the proposed motion, Kraft seeks to enjoin Starbucks from unilaterally terminating the contract pending arbitration. Although the purported termination date is March 1, 2011, Starbucks' actions in furtherance of its desire to take over Kraft's rights under the agreement are causing, and will cause additional, irreparable harm to both Kraft and its customers unless the injunction is issued by the end of January 2011.



The Honorable Cathy Seibel
December 17, 2010
Page 3

In conclusion, Kraft respectfully requests that the Court schedule the pre-motion conference at the earliest available date and, if possible, no later than December 23, 2010.

Respectfully submitted,

Michael S. Kraut

Enclosure

cc: Aaron M. Panner, Esq.
   William P. Quinn, Jr., Esq.
   Kathleen A. Waters, Esq.

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0600
TEL: 212.309.6000
FAX: 212.309.6001
eFax: 877.432.9652
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

## FAX MESSAGE

### SEND TO

| | | |
|---|---|---|
| Name: | Honorable Cathy Seibel | United States District Court Judge<br>Southern District of New York |
| FAX #: | 914-390-4278 | |
| Name: | Aaron M. Panner, Esq. | Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC |
| Fax: | 202-326-7999 | |

### FROM

| | | | | |
|---|---|---|---|---|
| Name: | Michael Kraut | Floor: | | |
| Operator Sending: | | Telephone # | 212.309.6927 | |
| FAX #: | 212-309-6001 | Date Sent: | 12/17/10 | No of Pages: 4 (including cover page) |

THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE NAMED RECIPIENT(S). THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

### COMMENTS