# EXHIBIT 8

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

October 5, 2010

Ms. Deanie Elsner
Kraft Foods Global, Inc.
Coffee Division
555 S. Broadway
Tarrytown, NY 10591

     Re:    <u>Supply and License Agreement dated March 29, 2004</u>

Dear Ms. Elsner:

     This firm represents Starbucks Corporation ("Starbucks") in connection with the Supply and License Agreement between Starbucks Corporation ("Starbucks") and Kraft Foods Global, Inc. ("Kraft"), dated March 29, 2004 ("Agreement"). Pursuant to paragraph 5(B)(iii) of that Agreement, Starbucks hereby provides notice to Kraft of the circumstances constituting Material Breach. Unless Kraft cures the breaches identified below within 30 days, the Agreement will terminate on March 1, 2011. This letter also provides notice of these material breaches to the Oversight Committee, pursuant to paragraph 15 of the Agreement.

     Kraft's material breaches of the Agreement include, but are not limited to, the following:

     A.    *Kraft's Failure To Use Commercially Reasonable Efforts:* Paragraph 3(B) provides that Kraft "shall use commercially reasonable efforts . . . to market the Licensed Products in the Licensed Channels in the Territory." Kraft has violated this provision in numerous ways since at least 2004, including, but not limited to, by failing to take commercially reasonable measures to address the erosion of Starbucks market share; by failing to ensure appropriate store displays exist for Starbucks in the Licensed Channels; by failing to adopt an effective marketing campaign; by failing to involve Starbucks in sales planning, presentations and calls; by failing to involve Starbucks in all aspects of its market research and advertising efforts; by failing to devote sufficient personnel and resources to adequately perform its duties under the Agreement; and by promoting its own coffee brands in competition with Starbucks. Kraft's breach of this provision is material. *See* Agreement ¶ 1 (defining "Material Breach").

     B.    *Kraft's Failure To Involve Starbucks in Sales Planning, Presentations, and Calls:* Paragraphs 9(B)(i) to (iii) require Kraft to reasonably involve Starbucks "in all significant sales planning" and permit Starbucks "the right to review significant sales presentations" and attend "significant sales calls." Since at least 2004, Kraft has repeatedly failed to involve Starbucks in such sales functions in accordance with these provisions, despite repeated requests by Starbucks.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Ms. Deanie Elsner
October 5, 2010
Page 2

For instance, although Starbucks has repeatedly requested that a Starbucks representative attend all quarterly sales calls with its top nine customers, for the vast majority of these calls, Kraft either has not provided Starbucks with advance notice of these calls, or provided such late notice that it made Starbucks participation at these calls impossible. Accordingly, in the past year, Starbucks was able to attend only six of the more than 30 sales calls that Kraft conducted with Starbucks top nine customers. Furthermore, Kraft consistently failed to provide Starbucks with a reasonable opportunity to review significant sales presentations. For instance, Kraft did not provide Starbucks with the sell-in presentation for the Natural Fusions™ Campaign directed at Target Stores -- one of the largest marketing initiatives for Fiscal Year 2010 -- until that presentation was nearly final. Kraft's material failure to comply with this provision "constitute[s] a Material Breach." Agreement ¶ 9(E).

      C.    *Kraft's Failure To Provide Detailed Budgets:*  Paragraph 9(B)(v) requires Kraft to provide "detailed marketing and trade budgets, including key assumptions, monthly to the extent such reports are regularly generated by [Kraft] on a monthly basis, otherwise quarterly." Since at least 2004, Kraft has not provided Starbucks with monthly or quarterly budgets, despite repeated requests by Starbucks, and the budgets that Kraft did provide were not sufficiently detailed to be meaningful. In 2008, for instance, Kraft provided Starbucks with a total of two spreadsheets, which purported to be advertising budgets, but failed to provide any detail beyond dollar amounts that Kraft had budgeted for broad categories such as "Advertising" and "Consumer Promotions." Kraft's material failure to comply with this provision "constitute[s] a Material Breach." Agreement ¶ 9(E).

      D.    *Kraft's Failure To Obtain Advertising Approvals:*  Paragraph 9(A)(ii) requires Kraft to "submit to [Starbucks] Brand Management Team, for [Starbucks] approval, all proposed promotions, advertising, packaging and other programs and materials that support the Licensed Products or use the Licensed Trademarks . . . during the concept or initial planning stages and again at the final stage prior to launch." Since at least 2004, Kraft has repeatedly failed to submit such materials in accordance with this requirement. For example:

- Safeway BCA Program -- In 2009, Kraft entered into discussions with Safeway regarding an in-store merchandising program involving Starbucks Licensed Products. Kraft, however, did not notify Starbucks of this program or send Starbucks related promotional or advertising material until the day before final approval for the program was necessary.

- Publix television advertisement – In 2010, Kraft approved a Publix television advertisement featuring Starbucks Licensed Products. Kraft never provided that television advertisement to Starbucks in advance of Kraft's approval of that advertisement.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Ms. Deanie Elsner
October 5, 2010
Page 3

- Kroger Look What's New Program – In 2010, Kraft prepared certain marketing materials for the Kroger Look What's New Program. Starbucks was not asked to approve these marketing materials during the concept or initial planning stages. When Kraft did provide Starbucks with the proposed marketing materials, Kraft requested that Starbucks approve the materials within 24 hours.

- Kraft.com website – In 2010, Kraft entered into discussions with Publix about placing Starbucks advertising and promotional materials on the Kraft.com website. Kraft did not seek Starbucks approval for these programs during the concept or initial planning stages. When Kraft did provide Starbucks with the proposed advertising and promotional materials, Kraft requested that Starbucks approve the materials within 24 hours.

Kraft's material failure to comply with this provision "constitute[s] a Material Breach." Agreement ¶ 9(E).

E.   *Kraft's Failure To Meet Its Minimum A&P Amount:* Paragraph 7(B) requires Kraft to spend an amount "at least equal to the Minimum A&P Amount" in each year since 2004. *See also* Agreement ¶ 1 (defining "A&P" and "Minimum A&P Amount"). Kraft did not spend "at least" this amount, and did not obtain Starbucks express approval for a reduction in spending, in 2004, 2005, 2006, 2008, and 2009; in 2007, Kraft reduced spending by an amount greater than the parties agreed. Kraft's material failure to comply with this provision "constitute[s] a Material Breach." Agreement ¶ 7(B)(ii).

F.   *Kraft's Violation of the Exclusivity Provisions:* Paragraph 3(C)(ii) prevents Kraft from "distribut[ing], market[ing] or sell[ing] . . . any Super Premium Coffee other than . . . the Licensed Products in the Licensed Channels." *See also* Agreement ¶ 1 (defining "Super Premium Coffee" as "(i) traditionally sold at the highest end of the consumer coffee market in the Territory and (ii) generally priced (A) at a non-promotional shelf price of $6.50 or more per pound."). Among other potential violations, Kraft has violated this exclusivity requirement by selling its Yuban brand coffee for more than $6.50 per pound and promoting this coffee, among other ways, as "Premium Coffee"; "Rainforest Alliance Certified"; and providing "a rich, lively flavor to satisfy even the most sophisticated coffee connoisseurs." Kraft's breach of this provision is material. *See* Agreement at ¶ 1 (defining "Material Breach" as "significantly impairs the value of the other party's bargained-for benefits under this Agreement or which causes or threatens to cause significant financial, brand equity and/or other injury to the other party").

The Starbucks brand is one of the most recognized and respected brands in the world. Kraft's material breaches of the Agreement have resulted in the loss of Starbucks position as the undisputed Super Premium Coffee segment leader in the Licensed Channels and damaged

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Ms. Deanie Elsner
October 5, 2010
Page 4

Starbucks "Super Premium brand positioning" and its "brand equity," contrary to the parties'
agreement.  *See, e.g.*, Agreement ¶ 8(C).

Starbucks expressly reserves the right to seek arbitration under paragraph 15 of some or
all of these issues.

Sincerely,

Aaron M. Panner

cc:     Marc Firestone, Esq.
        Kraft Foods Global, Inc.
        Three Lakes Drive
        Northfield, IL 60093