# EXHIBIT 11

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. 215.963.5000
Fax: 215.963.5001
www.morganlewis.com



Morgan Lewis
COUNSELORS AT LAW

William P. Quinn, Jr.
215.963.5775
wquinn@morganlewis.com

**VIA E-MAIL**

November 8, 2010

Aaron M. Panner, Esquire
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036-3209

Re: *Supply and License Agreement between Kraft Foods Global, Inc. ("Kraft") and Starbucks Corporation ("Starbucks") dated March 29, 2004 ("Agreement")*

Dear Mr. Panner:

On Friday, November 5, 2010, Kraft received reports that Starbucks has been advising Kraft's major CPG customers that Starbucks has "severed" its contractual relationship with Kraft and that, henceforth, Starbucks, rather than Kraft, will perform all sales and marketing functions with respect to Starbucks products in the distribution channels covered by the above-referenced Agreement. For reasons we believe are obvious to Starbucks, these actions constitute a clear and material breach of Starbucks' obligations under the Agreement.

We understand that Jeff Hansberry of Starbucks confirmed to Deanie Elsner of Kraft that Starbucks did in fact make the above-referenced representations to Kraft's major customers but he also assured her that Starbucks will refrain from making similar representations in the future. Because these actions constitute a clear and material breach of Starbucks' obligations under the Agreement, Kraft appreciates Mr. Hansberry's assurances and expects Starbucks to comply with them. Kraft further expects that, consistent with those assurances, Starbucks will take the steps needed to correct the misimpressions that Starbucks has created in the minds of Kraft's customers. For the avoidance of any doubt, however, if Starbucks' engages in any further conduct that breaches its contractual obligations or otherwise causes injury to Kraft, it will take action to protect its rights and secure appropriate remedies.

Having received a copy of my November 4, 2010 letter, Starbucks knows that Kraft disputes Starbucks' assertion that Kraft has materially breached the Agreement. Starbucks also knows

Aaron M. Panner, Esquire
November 8, 2010
Page 2



Morgan Lewis
COUNSELORS AT LAW

that Kraft regards Starbucks' purported termination of the Agreement as invalid and without legal effect. For that reason, Starbucks' representation to Kraft's customers that the parties' relationship has been severed and that the business is being transitioned to Starbucks is, to say the least, misleading. Far more important, however, this conduct plainly violates the Agreement by, among other things, intruding upon Kraft's exclusive rights to sell Starbucks' products in the licensed channels.

Finally, Starbucks' may try to excuse its conduct by asserting that it has terminated the Agreement. As noted above, however, Kraft has given Starbucks a detailed response to Starbucks' letter of October 5 and on that basis considers Starbucks' purported termination to be invalid. To the extent Starbucks disagrees, the appropriate course is to follow the explicit provisions for resolving disputes of this sort. In particular, rather than unilaterally deciding an issue in dispute, Starbucks should look to Paragraph 15 of the Agreement, which provides for discussion by the Oversight Committee and, if not resolved by the Committee, to binding arbitration. Any further attempt by Starbucks to act as though termination were anything other than a question in dispute without first complying with the Agreement's dispute resolution procedures would constitute an additional breach for which Kraft will seek redress.

Very truly yours,

William P. Quinn, Jr.