# EXHIBIT 16

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900

FACSIMILE:
(202) 326-7999

November 16, 2010

*By Electronic Mail*

William P. Quinn, Jr.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

Re:   *Termination of the Supply Agreement, International Supply Agreement, Tassimo Agreement, and Starbucks Tassimo Agreement*

Dear Mr. Quinn:

I write in response to your letter of November 15, 2010, and Ms. Elsner's letter to Mr. Hansberry dated November 15, 2010.

As Ms. Elsner's letter acknowledges, on October 5, 2010, at the time Starbucks notified you of Kraft's Material Breaches of the Supply and License Agreement dated March 29, 2004 (the "Supply Agreement"), Starbucks also submitted these issues to the Oversight Committee. *See* 10/5/10 Letter from A. Panner to D. Elsner at 1 ("This letter also provides notice of these material breaches to the Oversight Committee, pursuant to paragraph 15 of the Agreement."). Kraft took no action to convene the Oversight Committee in response to that letter within the 30 days contemplated under ¶ 15(A) of the Supply Agreement. Moreover, Kraft took no action to cure its Material Breaches within 30 days, as required by the Supply Agreement.

Following Kraft's failure to cure within the contractual period, Starbucks exercised its right to terminate the Supply Agreement, effective March 1, 2011. *See* 11/5/10 Letter from A. Panner to D. Elsner at 1. We do not see any purpose in convening an Oversight Committee meeting with regard to what is now settled under the terms of the Supply Agreement. While such a meeting would be unproductive at this late stage, Starbucks would be willing to engage in non-binding mediation to address, among other things, the matters raised in Ms. Elsner's November 15 letter. Please let me know if this proposal would be of interest to Kraft.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Mr. William P. Quinn, Jr.
November 16, 2010
Page 2

      Starbucks does, however, believe that a meeting of the Oversight Committee is required to address an existing issue: Kraft's continuing failure to fulfill its obligations under ¶ 6(C) of the Supply Agreement to "act in good faith to make an orderly transition for the sale of the Licensed Products following termination of" the Supply Agreement. To date, Kraft has refused to cooperate with planning for the orderly transition, in violation of its obligations. In particular, Kraft has yet to respond to a letter dated November 9, 2010, from Mr. Hansberry to Ms. Elsner regarding transition planning. And your letter of November 15 makes clear that Kraft "has no intention of transitioning the business to Starbucks." Starbucks therefore proposes a meeting of the Oversight Committee at the parties' mutual convenience within the next 30 days to address this issue.

      For the avoidance of doubt, Starbucks' representatives on the Oversight Committee are Troy Alstead and Jeff Hansberry. Because you have suggested that communications involving the termination of the Supply Agreement should be directed to you, and not to Kraft's representatives on the Oversight Committee, this letter provides notice of this issue to the Oversight Committee, pursuant to paragraph 15 of the Supply Agreement. Please advise by November 17, 2010, if Kraft maintains that this request needs to be made directly to Ms. Elsner in order to comply with paragraph 15.

      Finally, we know of no legal or ethical reason why Starbucks' business personnel should refrain from communicating directly with Kraft's business personnel. As a courtesy, we will attempt to accommodate your request that communications regarding the termination of the Supply Agreement be directed to you. Please be aware, however, that Starbucks and Kraft have – and must have – regular discussions about the Supply Agreement in the ordinary course of business, and, as a practical matter, firm distinctions regarding current operations under the Supply Agreement and its impending termination on March 1, 2011, may be difficult to maintain.

Sincerely,

*[signature]*

Aaron M. Panner